IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEBORAH BREUNER DAVIS,<br>as an individual; and DEBORAH<br>BREUNER DAVIS, as trustee<br>of the DEBORAH C. DAVIS TRUST,<br><br>    Plaintiffs,<br><br>  v.<br><br>KEYBANK NATIONAL ASSOCIATION;<br>M. DARIN HAMMOND, as an individual;<br>and SMITH KNOWLES, P.C.,<br><br>    Defendants. | Case No. CV-05-198-E-BLW<br><br>**MEMORANDUM**<br>**DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to dismiss claims against defendants Smith Knowles P.C. and M. Darin Hammond. The Court heard oral argument on September 29, 2005, and the motion is now at issue. For the reasons expressed below, the Court grants the motion in part and denies the motion in part.

## FACTUAL BACKGROUND

Plaintiff Deborah Breuner Davis brings this action in her individual capacity and in her capacity as settlor and trustee of the Deborah C. Davis Trust (collectively referred to as "Davis").

**Memorandum Decision and Order - 1**

The dispute arises out of a lending relationship between Davis and defendant, KeyBank National Association ("KeyBank").  First, Davis borrowed $250,000 to expand her clothing business in Colorado on April 11, 2000.  *Plaintiff's First Amended Complaint* ("*FAC*")*,* ¶¶ 57, & 64-67.  A deed of trust to Davis's Sun Valley home secured this KeyBank loan (referred to as the "Deed of Trust Loan").  *Id.* at ¶ 64-67.  Davis was the grantor, and KeyBank the beneficiary.  First American Equity was the trustee.  Under the loan agreement, Davis had to make monthly interest payments.  However, the payments against the principal were not due for the first fifteen years unless she defaulted.

Next, Davis borrowed $1.4 million to move to Colorado.  *Id.* at ¶¶ 82 & 95.  Davis signed a promissory note for $1.4 million on October 23, 2000.  *Id.* at ¶ 95.  This loan (referred to as the "Bridge Loan") was originally scheduled to come due after three months.  *Id.* at Exhibit C.  The Bridge Loan was secured by a mortgage held by KeyBank against Davis's Sun Valley home.  *Id.* at ¶ 95 & Exhibit D.

Davis planned to pay off both loans by selling the Sun Valley home.  *Id.* at ¶¶ 82-85.  Meanwhile, Davis used the $1.4 million Bridge Loan to buy a home in Colorado.  *Id.* at ¶ 107.  However, Davis never sold the Sun Valley home, despite entertaining several offers of between $1.7 and $2.2 million.  *Id.* at ¶¶ 84, 108, & 121-30.

**Memorandum Decision and Order - 2**

Davis admits she defaulted on the Bridge Loan.  However, Davis alleges that she remained current on the Deed of Trust Loan interest payments.  *Id.* at ¶ 142.

By April of 2002, defendants, M. Darin Hammond and his law firm, Smith Knowles P.C., were attorneys to KeyBank in this matter.  *Id.* at ¶ 16.  Acting as successor trustee,[1] Hammond provided Davis with a notice of default on the Deed of Trust Loan on February 17, 2004.  *Id.* at ¶ 139.  On October 13, 2004, Hammond sold the Sun Valley home to KeyBank at a foreclosure sale for $1,734,506.04.  *Id.* at ¶ 141.  The sale was conducted under the terms of the Deed of Trust.  *Id.*

Davis commenced this action in state court.  The original defendants removed the case to this Court.  Davis amended the complaint to include claims against Hammond and Smith Knowles.[2]

Davis argues that KeyBank should not have foreclosed under the Deed of Trust.  Davis alleges negligence against Hammond acting as trustee.  Davis also alleges breach of fiduciary duty, constructive fraud, and attorney malpractice against both Hammond and Smith Knowles.

---

[1] American First Equity resigned as trustee on November 4, 2003.  *Id.* at ¶ 137. KeyBank appointed Hammond as successor trustee on February 12, 2004.  *Id.* at ¶ 138.

[2] Davis voluntarily dismissed two of the original defendants, McDonald Investments, Inc. and Eugene Bosart.

**Memorandum Decision and Order - 3**

Hammond and Smith Knowles argue that foreclosure under the Deed of Trust was proper. They request that this Court dismiss all four claims against them under Federal Rule of Civil Procedure 12(b)(6)**.**

## ANALYSIS

**1.** **Standard governing a motion to dismiss.**

To dismiss a complaint, this Court must find it "beyond doubt that the plaintiff can prove no set of facts in support of his or her claim." *Everest and Jennings, Inc. v. American Motorists Ins. Co.*, 23 F.3d 226, 228 (9th Cir. 1994) (quotations omitted). "[A] complaint should not be dismissed if it states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory." *Haddock v. Board of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

**2.** **The motion to dismiss was filed in a timely manner.**

Davis argues that the motion to dismiss is untimely. The motion was filed on July 21, 2005. This was after the deadline for responsive pleadings on July 5, 2005. However, the Ninth Circuit permits a motion to dismiss after responsive pleadings. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). Therefore, the motion to dismiss is not untimely.

**3.** **Davis's claim is not barred by estoppel or laches at this time.**

**Memorandum Decision and Order - 4**

Hammond and Smith Knowles argue that Davis had ample notice before the foreclosure sale and is thus barred from bringing suit after the sale. However, an affirmative defense "clearly must appear on the face of the pleading" to dismiss a complaint. *McCalden v. California Library Association*, 955 F.2d 1214, 1219 (9th Cir. 1990) (quotation omitted). The pleadings reveal no advantages gained by Davis in waiting to bring suit until after the sale. Therefore, Davis's suit is not barred by estoppel or laches at this time.

4.      **Davis has properly stated a claim for negligence.**

Davis alleges negligence against Hammond. *FAC*, ¶¶ 281-84. The elements of negligence are 1) duty, 2) breach, 3) causation, and 4) damages. *McPheters v. Maile*, 138 Idaho 391, 395, 64 P.3d 317, 321 (2003).

   a.      **Duty**

Davis alleges that Hammond had a "duty and obligation to give accurate information . . . and not act in a manner which defeated the trustor's/Plaintiffs' rights." *FAC*, ¶ 282. Under Idaho's deed of trust law, "[I]t is clear that the trustee has an obligation to give accurate information to the trustor and not to act in a manner which defeats the trustor's rights." *Diamond v. Sandpoint Title Ins., Inc.*, 132 Idaho 145, 151, 968 P.2d 240, 246 (1998). Therefore, Davis has properly alleged a duty recognized by Idaho law.

**Memorandum Decision and Order - 5**

### b. <u>Breach</u>

Davis also alleges that "Hammond breached his duty and obligation" by calling for repayment of the loans in full. *FAC*, ¶ 283. In response, Hammond argues that default on the Bridge Loan, which Davis admits to, amounted to default on the Deed of Trust Loan.[3] However, the Deed of Trust expressly requires subsequent KeyBank loan instruments to incorporate the Deed of Trust Loan by reference to unite obligations under the two loans. *FAC*, Exhibit B, ¶ 1. The subsequent Bridge Loan instruments do not mention the Deed of Trust Loan. *FAC*, Exhibit C.

Construing the loans as separate agreements is also reasonable because a mortgage would provide Davis with more protections than a Deed of Trust. For example, a mortgage requires a judicial foreclosure and a right of redemption after the sale. *Roos v. Belcher*, 79 Idaho 473, 477-78, 321 P.2d 210, 211-12 (1958).

Hammond urges that an "Event of Default," under the Deed of Trust, also includes "any action . . . [that] adversely affects . . . any right" of KeyBank in the Sun Valley home. *FAC*, Exhibit B, ¶ 18(c). However, Hammond fails to show

---

[3] Hammond concedes that his notice of default cited Davis's failure to repay the loans as the only default. Idaho law requires a notice of default to cite the "default for which foreclosure is made." Idaho Code § 45-1506(4)(d). Therefore, Hammond can only rely on the default he cited in the notice. The Court's analysis is thus limited to the default of failure to repay the loans.

**Memorandum Decision and Order - 6**

that Davis's admitted default on the Bridge Loan adversely affected KeyBank's right in the Sun Valley home. Indeed, KeyBank's right in the home improved because Davis's default entitled it to foreclose under the Bridge Loan Mortgage.

Hammond's argument does not meet the heavy burden a defendant bears in moving to dismiss a complaint. Davis has properly alleged Hammond breached his duties as trustee.

### c. **Causation**

Causation can be inferred from the alleged facts already discussed. Without Hammond's non-judicial foreclosure, Davis may have cured her default in the Bridge Loan Mortgage foreclosure. If so, Hammond's breach caused her damages.

### d. **Damages**

Finally, Davis alleges her Sun Valley home was wrongfully sold. Setting aside the sale may not be a recognized remedy under Idaho's Deed of Trust law. Idaho Code § 45-1508. However, equitable damage awards have been recognized and upheld by Idaho appellate courts.[4] *Pichon v. L.J. Broeckemeier*, 108 Idaho 846, 850, 702 P.2d 884, 888 (Ct. App. 1985), *cert. denied*.

---

[4] Even so, the general rule is that damages in a negligence action cannot be purely the result of an economic loss. *Blahd v. Richard B. Smith, Inc.*, 141 Idaho 296, 108 P.3d 996, 1000-2 (2005). However, there are exceptions to the general rule, and the parties have not briefed the applicability of those exceptions. Moreover, Davis may choose to re-state the claim as one sounding in contract or as an implied private right of action for an illegal trustee sale. For this reason, the Court will not take up the economic loss issue at this time.

**Memorandum Decision and Order - 7**

In conclusion, the Court holds that Davis's negligence claim cannot be dismissed at this time.

**5.     Davis has properly stated a claim of breach of fiduciary duty.**

Davis alleges that Hammond and Smith Knowles breached fiduciary duties owed to her.  *FAC*, ¶¶ 292-98.  In Idaho, a fiduciary duty rarely exists.  "The facts and circumstances must indicate that the one reposing the trust has foundation for his belief that the one giving advice or presenting arguments is acting not in his own behalf, but in the interests of the other party."  *Idaho First National Bank v. Bliss Valley Foods, Inc.*, 121 Idaho 266, 278, 824 P.2d 841, 853 (1991) (quotation omitted).  As such, a bank does not have a fiduciary duty to its borrowers when the parties bargain at "arms length" and each have competent attorneys.  121 Idaho at 276-81, 824 P.2d at 851-56; *Black Canyon Racquetball Club, Inc. v. Idaho First National Bank, N.A.,* 119 Idaho 171, 176, 804 P.2d 900, 905 (1991).

However, attorneys who induce non-clients to rely on their actions or advice can have fiduciary duties to those non-clients.  *Blickenstaff v. Clegg*, 140 Idaho 572, 577-78, 97 P.3d 439, 444-45 (2004);  *Jones v. Runft, Leroy, Coffin, and Matthews, Chartered*, 125 Idaho 607, 613-14, 873 P.2d 861, 867-68 (1994).[5]  At

---

[5] Davis relies on *Diamond* for the proposition that a Deed of Trust imposes a fiduciary duty on the trustee.  132 Idaho at 151, 968 P.2d at 246.  However, the *Diamond* court did not discuss whether a trustee's duty is a fiduciary duty, even though breach of fiduciary duty was one of the plaintiff's claims.

**Memorandum Decision and Order - 8**

this stage in the proceedings, the Court cannot conclude that Hammond and Smith Knowles did not owe a fiduciary duty to Davis. The limited case law suggests that the circumstances where a trustee may owe a fiduciary duty to the grantor would be rare. However, Smith has alleged the existence of a fiduciary duty and its breach. That is enough to survive the pending motion to dismiss. Whether Smith can marshal facts sufficient to survive a motion for summary judgment is another question. However, that remains to be seen. At this juncture in the proceedings, the Court finds that the complaint sufficiently states a claim of breach of fiduciary duty.

6.   **Davis has properly stated a claim of constructive fraud.**

Davis also alleges constructive fraud against Hammond and Smith Knowles. *FAC*, ¶¶ 299-304. However, this claim goes hand in hand with the breach of fiduciary duty claim. *See Hines v. Hines*, 129 Idaho 847, 853, 934 P.2d 20, 26 (1997). Therefore, the Court will also deny the motion to dismiss as it pertains to the constructive fraud claims

7.   **The professional malpractice claims are dismissed.**

Davis alleges that Hammond and Smith Knowles are liable to her for attorney malpractice. *FAC*, ¶¶ 285-91. Attorney malpractice requires an attorney-

**Memorandum Decision and Order - 9**

client relationship.  *Harrigfeld v. Hancock*, 140 Idaho 134, 136, 90 P.3d 884, 886 (2004).

Davis argues that an indirect attorney client-relationship could exist between herself, as beneficiary, and the attorneys to the trustee.  In *Harrigfeld*, the Idaho Supreme Court recognized an indirect attorney-client relationship between a testator's attorney and beneficiaries named in the testamentary instrument.  140 Idaho at 138-39, 90 P.3d at 888-89.  However, the *Harrigfeld* court stated, "A direct attorney-client relationship is required to exist between the plaintiff and the attorney-defendant in a legal malpractice action except in this very narrow circumstance."  140 Idaho at 139, 90 P.3d at 889.

The Court concludes that Davis has not alleged facts in the complaint sufficient to fall within the very narrow holding in *Harrigfeld.*

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss for failure to state a claim (Docket No. 23) filed by defendant M. Darin Hammond and defendant Smith Knowles, P.C. is GRANTED IN PART, AND DENIED IN PART.  It is granted to the extent that it seeks dismissal of plaintiffs' attorney malpractice claims.  It is denied to the extent that it seeks dismissal of the

plaintiffs' remaining claims.

IT IS FURTHER ORDERED, that plaintiffs are granted leave to amend their complaint within ten days from the date of this Order.

DATED: **October 26, 2005**

/s/ B. Lynn Winmill

B. LYNN WINMILL
Chief Judge
United States District Court